WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

*** NOT PUBLIC INFORMATION ***

# WOCV2001-01363
## Roy v Gardner et al

2001 AUG 17 A 11: 41

| File Date | 07/03/2001 | Status | dtrans | | Disposed: transfered to other court |
|---|---|---|---|---|---|
| Status Date | 08/07/2001 | Session | C | | Civil C (16 Worcester) |
| Origin | 1 | Case Type | B99 | | Misc tort |
| Lead Case | | Track | F | | Public View | No |

| Service | 10/01/2001 | Answer | 11/30/2001 | Rule12/19/20 | 11/30/2001 |
|---|---|---|---|---|---|
| Rule 15 | 11/30/2001 | Discovery | 04/29/2002 | Rule 56 | 05/29/2002 |
| Final PTC | 06/28/2002 | Disposition | 08/27/2002 | Jury Trial | Yes |

| PARTIES |
|---|

**Plaintiff**
Terry W Roy
Active 07/03/2001

**Private Counsel 630447**
Michael B Halpin
National Association of Government Employees
70 Elm Street
Worcester, MA 01609
Phone: 508-755-6221
Fax: 508-795-0005
Active 07/03/2001 Notify

01-40137

DOCKETED

**Defendant**
City of Gardner
Service pending 07/03/2001

**Private Counsel 634344**
James W Simpson
Merrick Louison & Costello
67 Batterymarch Street
Boston, MA 02110
Phone: 617-439-0305
Fax: 617-439-0325
Active 07/31/2001 Notify

**Defendant**
Charles J Manca Individually
Service pending 07/03/2001

*** See Attorney Information Above ***

**Defendant**
Charles J Manca Mayor
City of Gardner
Service pending 07/03/2001

*** See Attorney Information Above ***

3

Commonwealth of Massachusetts
**WORCESTER SUPERIOR COURT**
Case Summary
Civil Docket

*** NOT PUBLIC INFORMATION ***

# WOCV2001-01363
## Roy v Gardner et al

| | |
|---|---|
| **Defendant**<br>James E Dufort Individually<br>Service pending 07/03/2001 | *** See Attorney Information Above *** |
| **Defendant**<br>James E Dufort Chief of Police<br>City of Gardner<br>Service pending 07/03/2001 | *** See Attorney Information Above *** |
| **Defendant**<br>Roger Wrigley Individually<br>Service pending 07/03/2001 | *** See Attorney Information Above *** |
| **Defendant**<br>Roger Wrigley Sergeant<br>City of Gardner<br>Service pending 07/03/2001 | *** See Attorney Information Above *** |

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/03/2001 | 1.0 | Complaint & civil action cover sheet filed rule 29 statement and -CJ |
| 07/03/2001 | | Origin 1, Type B99, Track F. |
| 07/10/2001 | 2.0 | Ex parte motion to impound Exhibit "A" by Terry W Roy ,affid. of counsel to motion & exhibits. |
| 07/10/2001 | | Motion (P#2) allowed ex parte. Hearing on impoundment with all parties being notified on 7/27/01. (T.S. Hillman, Justice) Notices mailed July 11, 2001 |
| 07/11/2001 | 3.0 | Motion to appoint special process server by Terry W Roy |
| 07/11/2001 | | Motion (P#3) allowed (Loring P Lamoureux, Clerk) Notices mailed July 12, 2001 |
| 07/31/2001 | 4.0 | Joint motion to impound |
| 08/03/2001 | | Motion (P#4) allowed (John S. McCann, Justice) Notices mailed August 06, 2001 |
| 08/07/2001 | 5.0 | Notice of removal to US District Court by defendants |

### *** NOT PUBLIC INFORMATION ***

## WOCV2001-01363
## Roy v Gardner et al

| Date | Paper | Text |
|------|-------|------|
| 08/07/2001 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 07/27/2001 | Civil C (16 Worcester) | Motion/Hearing: miscellaneous no "C" session judge. Impounded motion to be reheard. (T.S. Hillman,J. Rm. 204 - There is | Event canceled not re-scheduled for another date |

A true copy by photostatic process
Attest:
Assistant Clerk    G. Sullivan

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 01--1363 C | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

| PLAINTIFF(S) Terry W. Roy | DEFENDANT(S) City of Gardner, Charles Manca, James Dugord, and Roger Wrigley |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael B. Halpin  IBPO 70 Elm street, Worcester, MA 01609 Board of Bar Overseers number: 630447 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Intentional Torts, negligence and Contract claims | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . $
                                                                        Subtotal $ . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . to date . . . . . . (approximately) . $ 120,000.00
F. Other documented items of damages (describe)
                                                                                   $ . . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

emotional distress, lost wages, damage to reputation and good name abragment + loss of rights, privileges, benefits accompanying position as a police officer approximately and attending license to possess firearms, Detail and overtime compensation,  TOTAL $ 1,000,000.00  future expectancy in compensation, rights, benefits + privileges accompanying employment + future employment as a police officer

## CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):   See Article G under Tort claims

                                                                          TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____

Attest:

Asst. Clerk

**FILED**

EST:
JUL 0 3 2001

*Ring P. Zam*WORCESTER, ss
CLERK

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. No.

**01–1363 C**

|  |  |
|---|---|
| TERRY W. ROY,  Plaintiff | ) ) ) ) |
| v. | ) )  **COMPLAINT** |
| CITY OF GARDNER, CHARLES J. MANCA, Individually and in his Capacity as Mayor of the City of Gardner, JAMES E. DUFORT, Individually and in his Capacity as Chief of Police for the City of Gardner, and ROGER WRIGLEY, Individually and in his capacity as a Sergeant for the Gardner Police Department  Defendants | ) ) ) ) ) ) ) ) ) ) |

1. The Plaintiff, Terry W. Roy, is a resident of the City of Gardner, Worcester County, Massachusetts and was, until his December 1999 termination, employed by the City of Gardner, Massachusetts as a police officer.

2. The Defendant, City of Gardner, Massachusetts, is a municipality incorporated under the laws of the Commonwealth of Massachusetts and was, until his December 1999 termination, the Plaintiff's employer.

3. Defendant Charles J. Manca is believed to be a resident of Gardner, Worcester County, Massachusetts and was, at all times relevant to this action, the Mayor of the City of Gardner, a manager and supervisor of the Plaintiff, and the Appointing Authority for the Gardner Police Department and of the Plaintiff.

4. Defendant James E. Dufort is believed to be a resident of the City of Gardner, Worcester County, Massachusetts and was, at all times relevant to this action, the Chief of Police for the City of Gardner, a manager and supervisor of Plaintiff Roy, and the Firearms Licensing Authority for the City of Gardner under Massachusetts General Laws, Chapter 140, Section 131.

5. Defendant, Roger Wrigley, is believed to be a resident of the Town of Phillipston, Worcester County, Massachusetts and was, at all times relevant to this action, a

Sergeant for the Gardner Police Department, and the applicant for a criminal complaint against the Plaintiff for alleged violation(s) of municipal by-law(s) or ordinance(s) and state law.

## COUNT I
## DEFAMATION OF CHARACTER

6. The Plaintiff realleges Paragraphs 1 through 5 above and incorporates them herein by reference.

7. Defendants City of Gardner, Charles J. Manca, James E. Dufort, and Roger Wrigley willfully and maliciously published false, misleading, and libelous material against Plaintiff Roy and slandered him with words tending to prejudice him in his employment and injure his reputation.

8. Specifically, Defendants City of Gardner, Charles J. Manca, and James E. Dufort published false, misleading, and libelous material relating to Plaintiff Roy's conduct as a police officer, his public and private conduct, his suitability for office, his suitability for licensing and possession of firearms under the laws of the Commonwealth of Massachusetts, his moral fitness and veracity, his court history as an adult and juvenile, his military record, his application for a firearms license pursuant to Massachusetts General Laws, Chapter 140, Section 131, his character, and his personal and private relationships. Moreover, Defendant Roger Wrigley falsely and maliciously accused the Plaintiff of violating state criminal law, as well as municipal dog law(s) and wrongfully initiated civil and criminal proceedings against the Plaintiff in relation to the same.

9. As a result of the dissemination and publication of these false, misleading, and libelous words and materials, Plaintiff Roy suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

10. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. He also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, Roger Wrigley, James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost

wages, compensation, benefits, privileges, and other remuneration, and that he be awarded consequential, special, exemplary, punitive, and other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

## COUNT II
## INVASION OF PRIVACY

11. The Plaintiff realleges Paragraphs 1 through 10 above and incorporates them herein by reference.

12. Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort, acting individually, in concert with others, and/or through the conduct of its representatives, agents, officers, managers, supervisors, and employees, unreasonably, substantially, and seriously interfered with the Plaintiff's right to privacy in violation of Massachusetts General Laws, Chapter 214, Section 1B, by unlawfully receiving and disseminating material contained or that should be contained in the Plaintiff's personnel file in accordance with Massachusetts General Laws, Chapter 149, Section 52C, as well as information concerning Plaintiff Roy's conduct as a police officer, his public and private conduct, the Plaintiff's suitability for office, his suitability for licensing and possession of firearms under the laws of the Commonwealth of Massachusetts, his moral fitness and veracity, his record of involvement with police departments and courts as an adult and juvenile, his military record, the Plaintiff's application for a firearms license pursuant to Massachusetts General Laws, Chapter 140, Section 131, his character, and his personal and private relationships.

13. Moreover, Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort, acting individually, in concert with others, and/or through the conduct of their representatives, agents, officers, managers, supervisors, and employees, unreasonably, substantially, and seriously interfered with Plaintiff Roy's privacy rights and abused their respective offices by ordering, requiring, instructing, and/or compelling public employees to produce, manufacture, collect, and disseminate material and information to justify the termination of Plaintiff Roy from his position as a police officer for the City of Gardner, to retaliate against the Plaintiff for asserting his rights, and to destroy his reputation within the community.

14. Plaintiff Roy, as a result thereof, suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

15. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other

3

privileges and compensation. The Plaintiff endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded consequential, special, exemplary, punitive, and other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. The Plaintiff realleges Paragraphs 1 through 15 above and incorporates them herein by reference.

17. Through their conduct and the conduct of their representatives, agents, managers, supervisors, and employees, Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort subjected Plaintiff Roy to treatment that was extreme and outrageous, and intended to cause emotional distress.

18. Plaintiff Roy, as a result thereof, suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

19. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort, and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded consequential, special, exemplary, punitive, or other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

## COUNT IV
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
(M.G.L. c. 12§11*I*)

20. The Plaintiff realleges Paragraphs 1 through 19 above and incorporates them herein by reference.

21. Through their conduct and the conduct of their agents and employees, Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort, at times acting under color of law, interfered and/or attempted to interfere, through threat intimidation and/or coercion, with rights guaranteed to Plaintiff Roy under our state and federal constitutions, as well as state and federal law.

22. Specifically, Defendants City of Gardner, Charles J. Manca, Roger Wrigley, James E. Dufort, and their agents and employees interfered or attempted to interfere with Plaintiff Roy's constitutional right to bear arms, his statutory right to a review of his termination, his statutory right to be licensed to possess firearms, his constitutional and statutory rights to be free from unreasonable invasions into his personal and private affairs, his constitutional and statutory rights to procedural and substantive due process, and other rights, privileges, and immunities secured by constitutional and statutory provision.

23. The Defendants interfered and/or attempted to interfere with Plaintiff Roy's rights through intimidation, threat and/or coercion.

24. As a police officer, the Plaintiff, Terry W. Roy, possessed a property interest in his licenses to possess and carry firearms, and property interests in connection with his right to possess and keep animals and to challenge the imposition of civil penalties in connection with the same. The Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort, acting, at times, pursuant to municipal policy, deprived or attempted to deprive the Plaintiff of these property rights without due process.

25. Additionally, Massachusetts General Laws Chapter 41, Section 98 and Massachusetts General Laws, Chapter 140, Section 131 place unconstitutional burdens on the Plaintiff and deprive him of these property rights without due process. As applied to the Plaintiff by Defendants City of Gardner, Charles J. Manca, and James E. Dufort, these statutes also deny him due process and equal protection under state and federal law.

26. Plaintiff Roy, as a result thereof, suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, was deprived of compensation, rights, benefits, and privileges, was compelled to expend financial resources, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule,

5

humiliation, embarrassment, contempt, and scorn from the members of his community.

27. Moreover, the Plaintiff, as a result of the Defendants' conduct, expended, and continues to expend financial resources and suffered and continues to suffer economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully requests that this Honorable Court **DECLARE,** pursuant to Massachusetts General Laws, Chapter 231A, that, as the same have been applied to the Plaintiff, Massachusetts General Laws, Chapter 31, Section 41, Massachusetts General Laws, Chapter 41, Section 98 and Massachusetts General Laws, Chapter 140, Section 131 violate the constitutions of this Commonwealth and these United States, and otherwise deny him due process and equal protection under state and federal law.

The Plaintiff also respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded consequential, special, exemplary, punitive, and other damages, plus interest, mandatory attorney's fees, associated costs, and such other relief deemed just and appropriate. Moreover, the Plaintiff asks that the Court, in its discretion, enjoin the Defendants from interfering or attempting to interfere with the Plaintiff's rights in the future and from engaging in conduct that harasses the Plaintiff or retaliates against him for asserting his rights.

## COUNT V
## VIOLATION OF FEDERAL CIVIL RIGHTS ACT
### (42 U.S.C. §1983)

28. The Plaintiff realleges Paragraphs 1 through 27 above and incorporates them herein by reference.

29. Acting under the color of law and, at times, pursuant to municipal policy, Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort deprived the Plaintiff of rights secured by state and federal law.

30. Plaintiff Roy, as a result thereof, suffered damage to his reputation, Plaintiff Roy, as a result thereof, suffered damage to his reputation, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule,

humiliation, embarrassment, contempt, and scorn from the members of his community.

31. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully requests that this Honorable Court **DECLARE,** pursuant to Massachusetts General Laws, Chapter 231A, that, as the same have been applied to the Plaintiff, Massachusetts General Laws, Chapter 31, Section 41, Massachusetts General Laws, Chapter 41, Section 98 and Massachusetts General Laws, Chapter 140, Section 131 violate the Constitutions of this Commonwealth and these United States, and otherwise deny him due process and equal protection under state and federal law.

The Plaintiff also respectfully demands judgment against Defendants City of Gardner, Charles J. Manca and James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded consequential, special, exemplary, punitive, and other damages, plus interest, mandatory attorney's fees, associated costs, and such other relief deemed just and appropriate. Moreover, the Plaintiff asks that the Court, in its discretion, enjoin the Defendants from interfering or attempting to interfere with the Plaintiff's rights in the future and from engaging in conduct that harasses the Plaintiff or retaliates against him for asserting his rights.

## COUNT VI
## RECKLESS/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (M.G.L. c. 258)

32. The Plaintiff realleges Paragraphs 1 through 31 above and incorporates them herein by reference.

33. In accordance with Massachusetts General Laws, Chapter 258, Section 4, the Plaintiff presented a written demand on the Defendant City of Gardner in or around March of 2000. The Defendant municipality subsequently rejected the Plaintiff's claim without an offer of settlement.

34. Through their conduct and the conduct of their officers, agents, managers, and other employees, in relation to matters unrelated to the Plaintiff's employment or the employment interests of the City of Gardner, Defendants City of Gardner, Charles J. Manca, and James E. Dufort recklessly and/or negligently inflicted emotional distress on the Plaintiff.

35. Through its conduct and the conduct of its officers, agents, managers, Defendant City of Gardner recklessly and/or negligently failed to supervise its elected and appointed employees, as well as its agents, officers, supervisors, managers, and other employees, in relation to matters unrelated to the Plaintiff's employment or the employment interests of the City of Gardner. As a result, Defendant City of Gardner recklessly and/or negligently inflicted emotional distress on the Plaintiff.

36. Through its conduct and the conduct of its officers, agents, managers, Defendant City of Gardner recklessly and/or negligently failed to train its elected and appointed employees, as well as its agents, officers, supervisors, managers, and other employees, in relation to matters unrelated to the Plaintiff's employment or the employment interests of the City of Gardner. As a result, Defendant City of Gardner recklessly and/or negligently inflicted emotional distress on the Plaintiff.

37. Through its conduct and the conduct of its officers, agents, managers, Defendant City of Gardner recklessly and/or negligently hired and/or retained its elected and appointed employees, as well as its agents, officers, supervisors, managers, and other employees, in relation to matters unrelated to the Plaintiff's employment or the employment interests of the City of Gardner. As a result, Defendant City of Gardner recklessly and/or negligently inflicted emotional distress on the Plaintiff.

38. Plaintiff Roy, as a result thereof, also suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

39. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, and James E. Dufort and asks that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded consequential, special, exemplary, punitive, or other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

## COUNT VII
### INTENTIONAL INTERFERENCE WITH
### BUSINESS/ADVANTAGEOUS RELATIONS

40. The Plaintiff realleges Paragraphs 1 through 39 above and incorporates them herein by reference.

41. The Plaintiff, Terry W. Roy, at all times relevant to this action, was a member of the International Brotherhood of Police Officers, an organization that was, at all times relevant to this action, the recognized collective bargaining agent for the Gardner Police Department patrolmen.

42. At all times relevant to this action, the International Brotherhood of Police Officers and the Defendant City of Gardner were parties to a collective bargaining agreement relating to the Plaintiff's employment with the Gardner Police Department.

43. Defendants Charles J. Manca and James E. Dufort, at all times relevant to this action, possessed knowledge of the existence of the collective bargaining agreement between the City of Gardner and the International Brotherhood of Police Officers, as well as the Plaintiff's contractual relationship and business expectancy arising out of the same.

44. Individually and/or in concert with others, Defendants Charles J. Manca and James E. Dufort, with improper motives and by inappropriate means, intentionally interfered with the Plaintiff's contractual relationship with the City of Gardner, as well as his business expectancy in the same, and induced the City to breach the contract governing the Plaintiff's employment and other contractual agreements between the City of Gardner and the Plaintiff as an individual. Defendants Charles J. Manca and James E. Dufort also aided and encouraged the City to end its relationship with the Plaintiff and caused the City to terminate the Plaintiff's business expectancy and other rights, privileges, and benefits accompanying these agreements.

45. Plaintiff Roy, as a result thereof, suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

46. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully demands judgment against Defendants Charles J. Manca and James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded consequential, special, exemplary, punitive, or other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

**COUNT VIII**
**MALICIOUS PROSECUTION/WRONGFUL INSTITUTION OF**
**PROCEEDINGS/ABUSE OF PROCESS**

47. The Plaintiff realleges Paragraphs 1 through 46 above and incorporates them herein by reference.

48. Individually, in concert with others and/or through the conduct of their representatives, agents, managers, supervisors, and employees, Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort maliciously and intentionally instituted criminal, civil, contractual, investigative, administrative, and/or statutory proceedings against the Plaintiff, without probable cause or sufficient reason, in an attempt to harass, coerce and, intimidate the Plaintiff into abandoning his position with the City and/or for the purpose of interfering with the Plaintiff's effort to retain that position, to obtain an unfair advantage over the Plaintiff in their labor dispute, to avoid contractual and statutory burdens or requirements, and/or to otherwise effectuate the wrongful, unwarranted, and unjust removal of the Plaintiff from his position as a Gardner police officer.

49. Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort availed themselves of criminal, civil, contractual, administrative, municipal, investigative, and/or statutory processes with ulterior motives and for illegitimate purposes, and otherwise abused their offices and these processes to the detriment of the Plaintiff.

50. Plaintiff Roy, as a result thereof, suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

51. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

10

WHEREFORE, the Plaintiff, Terry Roy, respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, Roger Wrigley, and James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded special, exemplary, punitive, or other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

## COUNT IX
## BREACH OF CONTRACT

52. The Plaintiff realleges Paragraphs 1 through 51 above and incorporates them herein by reference.

53. The Plaintiff, Terry W. Roy, and Defendants City of Gardner and Charles J. Manca, as well as James E. Dufort by implication, executed an agreement (hereinafter referred to as the "Agreement") on or about June 7, 1999. (Exhibit A).

54. Under Paragraphs 2 and 3 of the June 7, 1999 Agreement, Defendants Charles J. Manca and the City of Gardner agreed, in the event the Plaintiff did not engage in conduct similar to the allegations made against him or in conduct involving domestic violence for a period of one year, to expunge all material relating to an October 1997 civilian compliant made against the Plaintiff. (Exhibit A).

55. Under Paragraph 5 of the Agreement, Defendants City of Gardner, Charles J. Manca, and James E. Dufort agreed that the Chief of Police for the City of Gardner would not use the reasons advanced for the discipline of the Plaintiff to deny the Plaintiff a license to carry a firearm and the City stipulated that any decision relating to the Plaintiff's suitability to be so licensed would not rely on the reasons it advanced to discipline the Plaintiff. (Exhibit A).

56. Under Paragraph 6 of the Agreement, Defendants City of Gardner, Charles J. Manca, James E. Dufort were obligated not to disclose or describe the content of the June 7, 1999 Agreement unless the same was necessary to enforce the same. (Exhibit A).

57. In or around December of 1999, Defendant James E. Dufort testified, under oath, that he did, in violation of the Agreement, deny the Plaintiff a license to carry a firearm utilizing reasons previously advanced by the City of Gardner and the Gardner police Department to discipline the Plaintiff. (Exhibit A).

11

58. In or around December of 1999 and at times thereafter, Defendants City of Gardner, Charles J. Manca, and James E. Dufort also relied on the reasons advanced to previously discipline the Plaintiff to terminate the Plaintiff from his employment and to deny the Plaintiff a license to possess firearms in violation of Paragraph 5 of the Agreement.

59. In violation of Paragraph 6 of the Agreement and to the detriment of the Plaintiff, Defendants City of Gardner, Charles J. Manca, and James E. Dufort advanced, disclosed, and described information relating the content of this Agreement where the same was not necessary to the enforcement of the same or otherwise permitted by law or contract.

60. Plaintiff Roy, as a result thereof, suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, inconvenience, harassment, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

61. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff, Terry Roy, respectfully requests that this Honorable Court **DECLARE,** pursuant to Massachusetts General Laws, Chapter 231A, that Defendants City of Gardner, Charles J. Manca, and James E. Dufort are, as described in Paragraphs 51-61 of this Complaint, in violation of their June 7, 1999 Agreement with the Plaintiff.

The Plaintiff also respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, and James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded special, exemplary, punitive, or other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

## COUNT X
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

62. The Plaintiff realleges Paragraphs 1 through 61 above and incorporates them herein by reference.

12

63. By and through their conduct, as well as the conduct of their agents, managers, supervisors, officers, and employees, Defendants City of Gardner, Charles J. Manca, and James E. Dufort breached a covenant of good faith and fair dealing owed to the Plaintiff and, individually and/or collectively, acted to deprive the Plaintiff of his position with the City of Gardner, and to otherwise deny him the rights, privileges, benefits, and compensation of his employment, the collective bargaining agreement relating to his employment, and other agreements between the parties.

64. Plaintiff Roy, as a result thereof, suffered damage to his reputation, was deprived of his license to possess firearms, was terminated from his position as a police officer for the City of Gardner, and was subjected to, and continues to be subjected to, hatred, ridicule, humiliation, embarrassment, contempt, and scorn from the members of his community.

65. Moreover, Plaintiff Roy, as a result of the Defendants' conduct, suffered, and continues to suffer, economic loss and hardship, lost benefits, wages, and other privileges and compensation. The Plaintiff also endured, and continues to endure, great suffering of mind and other physical and emotional harm.

WHEREFORE, the Plaintiff respectfully demands judgment against Defendants City of Gardner, Charles J. Manca, and James E. Dufort and asks that his license to possess firearms under Massachusetts General Laws, Chapter 41, Section 98 and/or Massachusetts General Laws, Chapter 140, Section 131 be retroactively reinstated, effective December 28, 1999, that he be made whole for all lost wages, compensation, benefits, privileges, and other remuneration, and that he be awarded special, exemplary, punitive, or other damages, plus interest, attorney's fees, associated costs, and such other relief deemed just and appropriate.

**IN ACCORDANCE WITH RULE 38(b) OF THE MASSACHUSETTS RULES OF CIVIL PROCEDURE, THE PLAINTIFF, TERRY W. ROY, HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

> Respectfully Submitted
> TERRY W. ROY,
> By his Attorney,

July 3, 2001

> Michael B. Halpin
> BBO # 630447
> International Brotherhood of Police Officers
> 70 Elm Street
> Worcester, MA 01609
> (508) 755-6221

A true copy by photostatic process
Attest:
Ass't Clerk

13

T S Hilliard

7/24

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                          SUPERIOR COURT DEPARTMENT
                                       OF THE TRIAL COURT
                                       C.A. No.  2001 - 1363C

```
                                    )
TERRY W. ROY,                       )
      Plaintiff                     )
                                    )
v.                                  )
                                    )        PLAINTIFF'S EX PARTE
CITY OF GARDNER, CHARLES J. MANCA,  )        MOTION TO IMPOUND
Individually and in his Capacity as Mayor of the )
City of Gardner, JAMES E. DUFORT, Individually )
and in his Capacity as Chief of Police for the City of)     FILED
Gardner, and ROGER WRIGLEY, Individually and )
in his capacity as a Sergeant for the Gardner Police )     JUL 10 2001
Department                          )
      Defendants                    )        ATTEST: Louis P. Lemoureux  CLERK
                                    )
```

②

      NOW COMES the Plaintiff, Terry W. Roy, and respectfully requests that this
Honorable Court grant his Ex Parte Motion to Impound "Exhibit A" to his July 3, 2001
Complaint in the above-referenced matter.  The Exhibit is a four-page agreement between
the Plaintiff, the Defendant City of Gardner, and the Defendant Charles J. Manca.  The
Plaintiff respectfully proposes that the document be impounded for the duration of the
litigation between the parties.

      In support of his request and in compliance with Rules 2 and 3 of the Uniform
Rules on Impoundment Procedure, the Plaintiff submits the attached affidavit of counsel

                                       Respectfully Submitted
                                       TERRY W. ROY,
                                       By his Attorney,

July 10, 2001

7/10/01; allowed ex parte.
hearing on impoundment
w/all parties being notified
on   7/27/01 .

                                       Michael B. Halpin
                                       BBO # 630447
                                       International Brotherhood of Police Officers
                                       70 Elm Street
                                       Worcester, MA 01609
                                       (508) 755-6221

7/11/01
Notices mailed to 77 counsel

## CERTIFICATE OF SERVICE

I, Michael B. Halpin, hereby certify that the attached Ex Parte Motion to Impound was, together with its cover letter, true copies of the Plaintiff's Complaint without Exhibit A, the tracking order for Civil Action No. 01-1363C, and a summons for each Defendant, delivered this 10th day of July to Francis Traposso, a constable in and for Worcester County for service upon each Defendant named in the above-referenced action.

Michael B. Halpin
BBO# 630447

2

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                                  SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               C.A. No.

_____
                                        )
TERRY W. ROY,                           )
         Plaintiff                      )
                                        )
v.                                      )
                                        )
CITY OF GARDNER, CHARLES J. MANCA,      )
Individually and in his Capacity as Mayor of the   )
City of Gardner, JAMES E. DUFORT, Individually )
and in his Capacity as Chief of Police for the City of)
Gardner, and ROGER WRIGLEY, Individually and )
in his capacity as a Sergeant for the Gardner Police  )
Department                              )
         Defendants                     )
_____)

### AFFIDAVIT OF COUNSEL IN SUPPORT OF PLAINTIFF'S
### EX PARTE MOTION TO IMPOUND

1.  I am an attorney admitted to practice before the Supreme Judicial Court for the
    Commonwealth of Massachusetts.

2.  I am employed as an attorney by and for the International Brotherhood of Police
    Officers at 70 Elm Street, Worcester, Massachusetts.

3.  I represent the Plaintiff, Terry W. Roy, in the above-referenced action.

4.  The terms of the agreement or document identified as "Exhibit A" in the
    Plaintiff's Complaint and in the Plaintiff's Ex Parte Motion to Impound prohibit
    the disclosure or description of its contents unless the same are necessary for the
    enforcement of the agreement.

5.  The Plaintiff's Complaint discloses and/or describes information believed to be
    necessary for the enforcement of the agreement and the Plaintiff's enjoyment of
    the same.  However, the document also contains information that is protected
    from public disclosure under Massachusetts General Laws, Chapter 149, Section
    52C that is not necessary for the enforcement of the agreement or the Plaintiff's
    enjoyment of the same.

6. If "Exhibit A" were not impounded, the Plaintiff would suffer immediate and irreparable harm. Immediately after the filing of his Complaint, the Worcester Telegram & Gazette, and at least on other newspaper, published detailed information about the agreement, the contents of the same, and information relating to the same that was apparently gleaned from other sources. (See Exhibit Z attached to this Affidavit).

7. Since the information found in and related to "Exhibit A" is personnel information within the meaning of Massachusetts General Laws, Chapter 149, Section 52C, including information that was to be expunged from the Plaintiff's records, public access to the information would constitute a significant and unnecessary intrusion into the Plaintiff's personal affairs. Accordingly, impoundment is necessary to protect the Plaintiff from immediate, substantial, and irreparable harm.

Signed under the pains and penalties of perjury this 10th day of July 2001.


Michael B. Halpin
BBO# 630447

2



2



**Plug Into Your Community**
Click here to find out how.

eWorcester | telegram | OnTheCommon | Families | Yellow Pages | Classifieds | The Diner

**Home Delivery**
click here

Last updated:
07:13 AM EDT

**Site search:**

[ ] Go!

Advanced search

Search our archives

[Quick links ▼]

**Local News**
Home
Worcester/Wachusett
North County
South County
East of Worcester
West of Worcester
Blackstone Valley
World/Regional
Business
Sports
Photo Gallery
Court
Obituaries
Weather

**Features**
People/Entertainment
Food
Health
Weddings/Engagements

**Entertainment**
Events Calendar
Movie Listings
Dining Reviews
TV Listings
Personals
Lottery

**Opinion**
Editorials
Letters to the editor
Dianne Williamson
James Dempsey
John Gearan
David Hitch

**Extra**



# telegram
.com

Clear
and 57°
Worcester, Mass.

Worcester Telegram & Gazette  –  New England Newspaper of the Year

## Ex-officer suing Gardner, officials

**Friday, July 6, 2001**

By Mary Jo Hill
*Telegram & Gazette Staff*

GARDNER-- A former city police officer is suing the city, a former mayor, the police chief and a police sergeant, saying they defamed him and tried to intimidate and harass him into abandoning his city job.

Terry W. Roy, who lost his police job in December 1999, filed the civil action Tuesday in Worcester Superior Court.

Mr. Roy claims his injuries include emotional distress, lost wages and damage to his reputation.

Mr. Roy said he has lost about $120,000 in wages to date, according to court papers. He wants to be paid for lost wages, receive punitive and other damages, and have his license to possess firearms retroactively reinstated, the complaint says.

Defendants named in the case are the city of Gardner, former Mayor Charles J. Manca, Police Chief James E. Dufort and Police Sgt. Roger Wrigley.

Mayor Daniel J. Kelley and Mr. Manca both said they had not seen the complaint and would not comment. Gregory Angelini, the Leominster lawyer handling the case for the city, could not be reached for comment.

None of the other defendants could be reached for comment yesterday on the legal complaint. Michael B. Halpin, a lawyer for the International Brotherhood of Police Officers, who is representing Mr. Roy, also



**T&G Business
@ Noon**

**Classifieds**
All ads
Autos
eWorcester.com/cars
Marketplace
Real Estate
Employment
Place an ad

**Yellow Pages**
Find a business
Find a person
Maps & Directons

**OnTheCommon**
Community site list
Community Calendar
Free web sites
Family sites

**eWorcester**
Home
Area web sites
Get a newsletter

**The Diner**
Join a discussion
Register

Un
Po

Ra
Ja

Ty

Po

Sh

Stu

Am

Tol

Mo

Mo

Full List
Return to Everest
Standing Tall
R.H. Goddard
Business Review
MCAS results
Cross Currents
Community Profiles
Molly Bish
What they earn
Access Magazine
Warehouse Tragedy
T&G Visions

**Home Delivery**
Info
Subscribe
Feedback

**About Us**
eMarketspace
Advertise online
Contact us
Privacy Policy
Copyright

**Tools**
Search site
Search archives
Report a bug
Feedback
E-mail this page
Site index

could not be reached.

Mr. Manca fired Mr. Roy at the end of 1999 because Mr. Roy's gun permit had been revoked, according to a notice of termination. Chief Dufort had denied the firearms license to Mr. Roy because of allegations of misconduct.

A judge's ruling on an unsuccessful bid by Mr. Roy to overturn the chief's decision said it was based on Mr. Roy's negative answers in a firearms application permit to questions about prior convictions, prior arrests, prior appearances in any court as a defendant and prior use of drugs or narcotics.

In 1999, Mr. Roy said two previous police chiefs were aware he had a court record. And he said that from 1995 to 1997 he received five commendations for exceptional service as a police officer.

Mr. Roy said his troubles started in 1997 when he arrested City Councilor Roger Jaillet on a drunken driving charge. The charge was continued without a finding for a year.

When Mr. Roy went public with a similar accusation of "political revenge" in 1999, Mr. Jaillet said he did not know what the officer was talking about.

The legal complaint filed by Mr. Roy this week outlines 10 counts.

In one of them, Mr. Roy charges that the city, Mr. Manca and Chief Dufort defamed his character by publishing false and libelous material relating to Mr. Roy's conduct as a police officer, his public and private conduct, his court history as an adult and juvenile, his military record and his application for a firearms license, among other things.

All four defendants interfered with Mr. Roy's right to privacy by unlawfully receiving and disseminating material that should have been in his personnel file, as well as other information, the complaint said.

The defendants also violated Mr. Roy's privacy rights and abused their offices by forcing public employees to dig up dirt about Mr. Roy to justify firing him and to retaliate against him for asserting his rights, according to the complaint.

Mr. Roy says the defendants launched groundless legal proceedings against him to get him to quit.

A June 7, 1999, agreement among Mr. Roy, the city, Mr. Manca and, by implication, Chief Dufort is the focus of one of the counts in the complaint.

Under the agreement, Mr. Manca and the city agreed to expunge all material relating to an October

1997 civilian complaint that Mr. Roy had assaulted a woman he had been dating. In return for the expunging of material, Mr. Roy agreed to avoid for one year conduct similar to that alleged or any conduct involving domestic violence, according to the complaint.

No charges were ever brought against Mr. Roy for the alleged assault, but Chief Dufort cited the allegations as part of the basis for disciplining Mr. Roy. The officer was ultimately fired from the force in April 1998, but ordered reinstated by Civil Service.

The June 1999 agreement also called for the police chief not to deny Mr. Roy a firearms license on the basis of the reasons given for disciplining him, according to the complaint.

But then Chief Dufort testified under oath that he did, in violation of the agreement, deny Mr. Roy a firearm license for the same reasons that had been used to discipline him, the complaint said.

Friday, July 6, 2001

Send this page to a friend
Get a printer-friendly version of this page

eWorcester | telegram | OnTheCommon | Family Sites
Yellow Pages | Classifieds | The Diner | Personals
Weather | Privacy Policy | Contact us

©2001 Worcester Telegram & Gazette Corp.

Order the Telegram & Gazette,
delivered daily to your home or office!


Plug Into Your Community
Click here to find out how.



## INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS
A DIVISION OF THE NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, AFL/CIO



70 Elm Street,
Worcester, Mass. 01609

*phone* 508-755-6221
*fax* 508-795-0005
www.ibpo.org

July 10, 2001

**HAND DELIVERED**

Loring P. Lamoureux, Clerk of Courts
Worcester Superior Court
Civil Division
2 Main Street, Room 21
Worcester, MA 01608

Re:     Roy v. City of Gardner, et al
        C.A. No. 01-1232

Dear Mr. Lamoureux:

Enclosed please find "Exhibit A" to the Plaintiff's Complaint in the above-referenced matter, together with the Plaintiff's Ex Parte Motion to Impound the same.

I appreciate your attention to this matter.  Please contact my office if you have any questions or concerns.

Sincerely,

Michael B. Halpin
Counsel

Enclosure

cc:     City of Gardner *(without enclosure)*
        Charles J. Manca *(without enclosure)*
        James E. Dufort *(without enclosure)*
        Roger Wrigley   *(without enclosure)*

A true copy by photostatic process
Attest
Asst. Clerk

EXHIBIT

A

D-6023

# Settlement Agreement

This Agreement made is made this 7th Day of June 1999 by and between Terry W. Roy, police officer in the City of Gardner (herein Employee) and the Mayor of the City of Gardner in his capacity as appointing authority under Ch. 31 (Appointing Authority).

Whereas the Employee received a letter of contemplated disciplinary action dated 18 February 1998 which resulted in disciplinary action dated 14 April 1998 as modified by a letter from the Appointing Authority dated 18 December 1998 (Discipline of Suspension).

Whereas the Employee has filed a Civil

D-6023
294

Whereas the parties are desverous of
avoiding the expense and uncertainty of
litigation on the Civil Service Case and the
arbitration and are interested & desirous
of settling these matters

Now therefore the parties agree as
follows
1. With respect to the Discipline, Roy's
suspension shall be and is hereby
reduced to a ten (10) day suspension (more specifically
without pay, for unbecoming conduct (discourtesy
to a citizen) relating to the nature of his conduct
in dealing with William Johnson as
detailed in the 30 October 1997 Complaint by him
2. In addition to said Suspension, Roy
shall be on a "probationary period"
equal to one year from the date be of this
returns to actual duty, and if during that
~~agreement~~
time he commit a similar offense
or an offense involving domestic violence,
~~but~~ then the Suspension and the reasons
for it shall be utilized for progressive
discipline purposes — otherwise it
shall (along with related documents) be
expunged from his personnel record
pursuant to MGL c. 149:52C
3. The ~~be~~ balance of his 18 December 1998
"Suspension" (as Modified) shall be considered
an unpaid approved leave of absence which
shall not affect his Seniority or
retirement credits, but he shall not
earn such leave or vacation or other
accruals during that time

D-6023
3-4

4. The City agrees to pay $5000 (subject to required taxes) in full settlement of the Arbitration Claim.

5. The City agrees that the agreed upon ten day suspension and the reasons for it as described herein shall not be utilized by the City or the Chief of Police or any of its agents or employees as reasons for denial of any application for a license to carry a firearm as above mentioned, either in the pending Superior Court Case or otherwise, on suitability grounds as set forth in G.L. c. 140:131 ; in addition, the City will stipulate that suitability due to the reasons for discipline is not an issue in the Superior Court case.

6. Except as herein stated, this Settlement Agreement is without prejudice to the claims + defenses of either party; each party has been represented by counsel and knowingly consents hereto. and neither party shall disclose or describe the content hereof ~~to the~~ ~~except as necessary~~ ~~~~ except as necessary for the enforcement of this agreement.

Civil Sen
D 6023
Pg 4 of 4

7. Subject to the Rules and Regulations of the Department, Roy may engage in other employment at any time so long as he maintains deeper contact with the Chief during his regular working hours.

8. Roy agrees that this Settlement satisfies all of his claims, to staff dismiss his Court Service Appeal and withdraw his demand for arbitration, this document constitutes the entire agreement between the parties and supercede all oral negotiations or statements by the parties

Witness the hands & seals of the parties this 14 day of June 1995.

_____
witness

City of Gardner
By Charles J Manca
        Charles Manca
Mayor/Appointing Authority

_____
witness

_____
Terry W. Roy

COMMONWEALTH OF MASSACHUSETTS

# FILED

Terry W. Roy

JUL 1 1 2001

TEST:

*Loving P. Ferrucen*

**CLERK**

Plaintiff(s)

)Worcester Superior Court
)DOCKET NO: 01-1363C
)SPECIAL PROCESS SERVER
)UNDER RULE C OF THE
)MASSACHUSETTS FEDERAL
)RULES OF CIVIL PROCEDURE

VS

City of Gardner, et al
                    Defendant(s)

   The Plaintiff moves this Honorable Court to appoint FRANCIS J. TRAPASSO AND/OR HIS/HER AGENTS, a Constable and a qualified and knowledgeable person in the service of court process and not a party to the action to be specially appointed by the court to serve the process in this action under the provision of Rule 4C of the Massachusetts and Federal Rules of the civil procedure in order to assure a substantial savings in time.

                    By its agent:


                    Michael Halpin, Esquire
                    70 Elm Street
                    Worcester, MA 01609


        ORDER OF THE COURT APPOINTING A SPECIAL PROCESS SERVER PURSUANT TO RULE 4C, IT IS ORDERED THAT FRANCIS J. TRAPASSO AND/OR HIS/HER AGENTS IS HEREBY APPOINTED A SPECIAL PROCESS SERVER FOR THE ABOVE CAPTIONED CAUSE.

        By _____ *Clerk/Magistrate*

        Title___Justice_____

        Court:Worcester Superior Court

        Date_____


                    A true copy by photostatic process
                    Attest.
                    Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO. 01-1363

**FILED**
ATTEST
JUL 3 1 2001
CLERK

TERRY W. ROY,
        Plaintiff                            )
                                             )
                                             )
                                             )
v.                                           )
                                             )
CITY OF GARDNER, CHARLES J. MANCA,           )       **JOINT MOTION**
Individually and in his Capacity as Mayor of the )   **TO IMPOUND**
City of Gardner, JAMES E. DUFORT, Individually )
and in his Capacity as Chief of Police for the City of)
Gardner, and ROGER WRIGLEY, Individually and )
in his capacity as a Sergeant for the Gardner Police )
Department                                   )
        Defendants                           )
                                             )

NOW COME the parties to the above-referenced action and respectfully request that that

this Honorable Court act favorably upon the Plaintiff's July 10, 2001 Ex Parte Motion to

Impound "Exhibit A" to his July 3, 2001 Complaint and order that the Plaintiff, Defendant City

of Gardner, Defendant Dufort, Defendant Manca, their respective attorneys, any witnesses

material to the Plaintiff's claims involving the document or the Defendants' defenses to the

same, along with the court and any necessary stenographers and/or court personnel, be permitted

to review the document to the permanent exclusion of all others, including but not limited to

other named Defendants, members of the public, and the media.

WHEREFORE, the parties to the above-referenced action ask that this Honorable Court

act favorably upon their request and issue an order in accordance with the same.

Respectfully Submitted,

DEFENDANTS CITY OF GARDNER,                    TERRY W. ROY,
JAMES DUFORT, CHARLES MANCA,                   By his Attorney,
& ROGER WRIGLEY
By their Attorney,

James W. Simpson, Jr.                           Michael B. Halpin
Douglas I. Louison                              BBO# 630447
Merrick, Louison & Costello                     I.B.P.O.
67 Batterymarch Street                          70 Elm Street
Boston, MA 02110                                Worcester, MA 01609
(617) 439-0305                                  (508) 755-6221

## CERTIFICATE OF SERVICE

I, Michael B. Halpin, hereby certify that the attached Joint Motion to Impound was delivered by first class mail, postage prepaid, to James Simpson, Counsel for the Defendants, at 67 Batterymarch Street, Boston, MA 02110, this 27th day of July 2001.

Michael B. Halpin
BBO# 630447

A true copy by photostatic process
Attest:
Eugene B. Sullivan
Asst. Clerk



COPY

UNITED STATES DISTRICT COURT OF MASS.

**FILED**
DISTRICT OF MASSACHUSETTS

AUG 0 7 2001        2001 JUL 2 CA No: 43  01-1363C

TERRY W. ROY,
        Plaintiff,

ATTEST: _____
                                          CLERK

v.                                                        FILED
                                                 OFFICE

CITY OF GARDNER, CHARLES L. MANCA,
Individually and in his Capacity as Mayor of
the City of Gardner, JAMES E. DUFORT,        01 - 40137-NMG
Individually and in his Capacity as Chief of Police
for the City of Gardner, and ROGER WRIGLEY,
Individually and in his Capacity as a Sargeant for
the Gardner Police Department,
        Defendants.


## NOTICE OF REMOVAL



To:    United States District Court
        District of Massachusetts

        The petition of the defendants, assert:

1.        On or about July 3, 2001, plaintiff commenced a civil action against the defendants

in the Superior Court of the Commonwealth of Massachusetts, County of Worcester,

entitled Terry Roy v. City of Gardner, et al, Civil Action No. 2001-01363 copy of the

Complaint, and the Summons served on the defendant, City of Gardner,  is attached

hereto.

2.        The above-described action is a civil action of which this Court has original

jurisdiction under the provisions of 42 U.S.C. Section 1983, and is one which may be

removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. Section

1441. This is an action alleging claims including those arising out of the Constitution of

the United States. The defendants file this Notice of Removal within thirty (30) days of

receipt of plaintiff's Complaint and service of Summons upon them pursuant to 28 U.S.C.

Section 1446(b).

3.     Written notice of the filing of this Notice shall be promptly served upon the plaintiff and filed with the Clerk of the Worcester County Superior Court pursuant to 28 U.S.C. Section 1446(d).

4.     Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the defendants shall file certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court with this Court.

**WHEREFORE,** petitioners respectfully pray that the action now pending against it in the Superior Court of the Commonwealth of Massachusetts in and for the County of Worcester, be removed to the United States District Court for the District of Massachusetts.

Signed and sworn to under the penalties of perjury this _25_ day of July, 2001.

Defendants,
by their attorney,

I HEREBY ATTEST AND CERTIFY ON _7-26-01_
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BY: _Sherry Jones_

Douglas I. Louison (BBO # 545191)
James W. Simpson, Jr. (BBO# 634344)
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Douglas I. Louison, hereby certify that on the _25_ day of July, 2001, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Michael B. Halpin, Esq., International Brotherhood of Police Officers, 70 Elm Street, Worcester, MA 01609.

Douglas I. Louison

COPY

A true copy by photostatic process
Attest:
_G. Sullivan_

# MERRICK, LOUISON & COSTELLO

ATTORNEYS AT LAW

67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325

July 30, 2001

Clerk- Civil Section
Worcester Superior Court
Courthouse
Room 21
2 Main Street
Worcester, MA 10608

Re:     Terry Roy v. City of Gardner, et al
        Civil Action No. 2001-01363 C

        USDC CA No. 01-40137NMG

Dear Sir/Madam:

Enclosed please find the Notice of Removal filed with the U.S.D.C.

Please forward all relevant documents to this office at your earliest convenience.

If you have any questions, please feel free to contact me. Thank you for your attention to this matter.

Very truly yours,

James W. Simpson, Jr.

xc:     Michael B. Halpin, Esq.

