UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2001 NOV 29  A 11: 57

CIVIL ACTION NO. 01-40137NMG

| | |
|---|---|
| TERRY W. ROY,<br>    Plaintiff<br><br>v.<br><br>CITY OF GARDNER, CHARLES J. MANCA,<br>Individually and in his Capacity as Mayor of the<br>City of Gardner, and JAMES E. DUFORT,<br>Individually and in his Capacity as Chief of Police<br>for the City of Gardner,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DOCKETED

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiff Terry W. Roy's ten-count Complaint alleges that Defendants City of Gardner, Charles J. Manca, James E. Dufort, and Roger Wrigley defamed the Plaintiff's character, invaded the Plaintiff's privacy, intentionally and negligently inflicted emotional distress upon the Plaintiff, violated the Plaintiff's state and federal civil rights, interfered with the Plaintiff's business/advantageous relations, maliciously prosecuted the Plaintiff and wrongfully instituted process against him, violated contractual obligations owed to the Plaintiff, and otherwise dealt with the Plaintiff unfairly and in bad faith.



The Defendants allege that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and seek the dismissal of all ten counts brought by the Plaintiff under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   STATEMENT OF RELEVANT ALLEGATIONS

The Defendant claims that the Plaintiff's Complaint generally alleges that the Defendants violated the Plaintiff's civil rights and committed various torts when the Plaintiff was terminated from his position as a police officer and after the Plaintiff's firearms license was revoked. The Defendants also allege that the Plaintiff's Complaint "does not contain a statement of facts but, merely asserts various counts against the defendants." Both of these assertions fail to accurately describe the Plaintiff's claims. The Plaintiff's ten-count Complaint alleges specific conduct on the part of the respective Defendants that, once proven, will entitle the Plaintiff to relief. Accordingly, the Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is without merit and should be denied.

## III.   STATEMENT OF (DISPUTED) FACTS

The Defendants, ignoring the factual allegations made in the Plaintiff's Complaint, claim the existence of undisputed facts. Citing factual findings made by the Worcester Superior Court as a result of a writ of certiorari for review of a District Court decision relating to the revocation of the Plaintiff's firearms license and other facts found outside the pleadings, the Defendants suggest that Judge Hillman's findings are not in dispute and that no other facts, aside from the findings of fact from the Worcester Superior Court,

are significant to the Plaintiff's claims. Both of these suggestions are without merit. The Plaintiff's Complaint clearly puts the factual findings of Judge Hillman in dispute. As the same relate to the Plaintiff's civil claims, this Court is not bound by any of the Judge's factual determinations. Moreover, additional factual allegations advanced in the Plaintiff's Complaint reveal that the Plaintiff's claims are not based, as suggested by the Defendants, solely upon the circumstances the Defendants now characterize as undisputed facts.

The Plaintiff alleges that the Defendants defamed his character and accuses the Defendants of willfully and maliciously publishing false, misleading, and libelous material relating to the Plaintiff's conduct as a police officer, his public and private conduct, his suitability for licensing for and possession of firearms, his moral fitness and veracity, his juvenile and adult court history, his military record, his application for a firearms license under state law, his character, his personal and private relationships, his compliance with state law, and obedience to municipal dog law(s). (Plaintiff's Complaint, Count I, ¶8).

The Plaintiff also claims that the Defendants unreasonably, substantially, and seriously interfered with his privacy by receiving and disseminating material contained in or that should have been contained in his personnel file in accordance with state law, and information concerning the Plaintiff's conduct as a police officer, his public and private conduct, his suitability for office, his suitability for firearms possession and licensing, his moral fitness and veracity, his record of involvement with police departments and courts as an adult and juvenile, his military record, his application for a firearms license, his

3

character, and his personal and private relationships. (Plaintiff's Complaint, Count II, ¶¶12-13).

The Plaintiff also alleges that the Defendants subjected him to treatment that was extreme, outrageous, and intended to cause emotional distress. (Plaintiff's Complaint, Count III, ¶17). The Complaint also alleges that Defendants City of Gardner, Charles Manca, and James Dufort recklessly and/or negligently inflicted emotional distress upon the Plaintiff when they failed to supervise and train elected and appointed employees, as well as agents, officers, supervisors, managers, and other employees in matters unrelated to the Plaintiff's employment or the employment interests of the City. (Plaintiff's Complaint, Count VI, ¶¶34-36). The Plaintiff further alleges that, to his detriment, the City negligently hired and/or retained personnel in relation to matters unrelated to the Plaintiff's employment or the employment interests of the City. (Plaintiff's Complaint, Count VI, ¶37).

The Plaintiff also claims that his state civil rights were violated. (Plaintiff's Complaint, Count IV). The Complaint alleges that the Defendants, acting at times pursuant to municipal policy and under color of law, deprived him of or interfered with and/or attempted to interfere with his constitutional right to bear arms, his statutory due process right to a review of his termination from employment, his statutory right to possess a firearms license, his constitutional and statutory rights to be free from invasions into his personal and private affairs, his statutory and constitutional procedural and substantive due process rights, and other rights privileges and immunities secured by constitutional and statutory provision. (Plaintiff's Complaint, Count IV, ¶¶21-25 and Count V, ¶29).

4

Plaintiff Terry W. Roy also alleges that Defendants Charles Manca and James Dufort intentionally interfered with his contractual relationship and business expectations with the City of Gardner and that they induced, aided, and encouraged the City to breach contracts governing the Plaintiff's employment and agreements between the City of Gardner and the Plaintiff. (Plaintiff's Complaint, Count VII, ¶44).

The Plaintiff also claims that the Defendants availed themselves of processes with ulterior motives and for illegitimate purposes, abused their offices, and maliciously and intentionally instituted criminal, civil, contractual, investigative, administrative, and/or statutory proceedings against him in an attempt to harass, coerce, and intimidate him into abandoning his position and/or for the purpose of interfering with the Plaintiff's effort to retain his employment, to obtain an unfair advantage over the Plaintiff in a labor dispute, and/or to avoid contractual and statutory burdens or requirements, and/or to effectuate the wrongful, unwarranted, and unjust removal of the Plaintiff from his position as a police officer. (Plaintiff's Complaint, Count VIII, ¶¶48-49).

Count IX of the Plaintiff's Complaint alleges that Defendants City of Gardner, Charles Manca, and James Dufort violated a June 1999 agreement with the Plaintiff when they described and/or disclosed the content of the agreement to third parties when the same was not necessary to the enforcement of the agreement and when it utilized and/or relied upon reasons previously advanced to discipline the officer to deny the Plaintiff a firearms license and to terminate the Plaintiff from his municipal position. (Plaintiff's Complaint, Count IX, ¶¶53-59).

Finally, the Plaintiff also accuses Defendants City of Gardner, Charles Manca, and James Dufort of breaching a covenant of good faith and fair dealing owed to him. (Plaintiff's Complaint, Count X).

With all of these unchallenged allegations in mind, the Defendants' attempt to characterize the facts they advance in their Motion to Dismiss as "undisputed" is unpersuasive and wholly without merit. Additionally, the facts advanced by the Defendants are not found in any pleading and should, considering the present stage of litigation, be excluded by the Court in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. Presently, there appears to be many genuine material issues of fact that divide the parties. Moreover, the Defendants have not challenged the facts alleged in the Plaintiff's Complaint. Accordingly, the Defendants' Motion to Dismiss should be denied. Since the Defendants have not challenged the Plaintiff's factual allegations, it is also inappropriate for the Court to treat their Motion as one for summary judgment, particularly when the parties have not yet had the opportunity to engage in meaningful discovery or to present all relevant material for the Court's consideration.

### III.   ARGUMENT

A motion to dismiss tests the legal sufficiency of a complaint, not the likelihood of ultimate success. Accordingly, a complaint must not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Canney v. City of Chelsea, et al, 925 F.Supp. 58, 63 (D.Mass.1996) *citing,* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). If a complaint sufficiently states a cause of action, in accordance with the law

under any theory, the court must deny a motion to dismiss. Id. *at 63, citing* Wehringer v. Powers & Hall, P.C., 874 F.Supp. 425, 427 (D.Mass.1995) (quoting Knight v. Mills, 836 F.2d 659, 665 [1st Cir. 1987]). Since each of the ten counts found in the Plaintiff's Complaint contain factual allegations that, if proven, will entitle him to relief under recognized theories of law, dismissal is inappropriate and the Defendants' motion must be denied.

1. <u>Violations of 42 U.S.C. 1983</u>

    *A. Violations of 42 U.S.C. 1983 Generally*

    The Plaintiff's federal civil rights claim alleges that the Defendants' conduct was committed under color of law and that the same deprived him of rights secured by our federal Constitution and federal laws. Accordingly, the Plaintiff's federal civil rights claims satisfy the pleading standard argued by the Defendants and there is no basis for dismissal of the Plaintiff's civil rights claims.

    *B. Due Process*

    The Defendants allege that post-deprivation remedies afforded the Plaintiff under state law render any due process claim defective. This would be true if the Plaintiff were, in fact, afforded due process. However, the Plaintiff here is not adequately protected by state law and has specifically requested that the Court declare that Massachusetts General Laws, Chapter 31, §41, Chapter 41, §98, and Chapter 140, §131 are, as applied to the Plaintiff, unconstitutional and act to deprive him due process and equal protection under state and federal law. Accordingly, the Defendants' arguments concerning due process must be ignored and dismissal is clearly not justified.

C. *Equal Protection*

In order to maintain an equal protection claim, the Defendants argue that the Plaintiff must show that, in relation to similarly situated people, he was selectively treated and that such treatment was based upon impermissible considerations or malicious or bad faith intent to injure the Plaintiff. *See, e.g.,* Rubinovitz v. Rogato, 60 F.3d 906, 909-910 (1st Cir.1995). Despite the Defendants' characterization of the Complaint, the Plaintiff clearly states that his equal protection rights were violated and that the deprivation resulted from impermissible considerations or malicious intent and/or bad faith. (Plaintiff's Complaint, Counts I-V). The Defendants also state that the Plaintiff must, in order for liability to attach to the City of Gardner, establish that a deprivation of rights resulted from an official custom, practice or policy of the municipality. The Plaintiff is aware of this requirement and specifically alleges violations of his civil rights resulting from municipal policy. (Plaintiff's Complaint, Count V).

D.   *§1983 Claims against City of Gardner*

The Plaintiff's federal civil rights claim alleges that the Defendants' conduct was committed under color of law and that the same deprived him of rights secured by our federal Constitution and federal laws. Accordingly, the Plaintiff's federal civil rights claims satisfy the pleading standard argued by the Defendants and there is no basis for dismissal of the Plaintiff's claim. The Plaintiff is entitled to prove this allegation and the Court must, under these circumstances, give him that opportunity and deny the

Defendants' Motion to Dismiss. *See, e.g.*, Canney v. City of Chelsea, et al, 925 F.Supp. 58, 63 (D.Mass.1996).

*E. Qualified Immunity*

The Defendants' claims of qualified immunity are not an appropriate basis for dismissal of civil rights claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, particularly where the Plaintiff's Complaint specifically alleges that the conduct of the individual Defendants was unreasonable and extreme and otherwise violated his statutory and constitutional rights. (Plaintiff's Complaint, Counts I-X). If proven, the Plaintiff's claims of unreasonable conduct will likely deprive the individual Defendants of immunity. It is important to remember that the immunity enjoyed by the Defendants is qualified, not absolute. Again, the Plaintiff is entitled to prove his allegations and to pursue all viable claims against the Defendants. *See, e.g.*, Canney v. City of Chelsea, et al, 925 F.Supp. 58, 63 (D.Mass.1996).

2.  Violations of M.G.L. c. 11§H and I

    *A.  MCRA Claims Against Individuals*

The Defendants allege that the Plaintiff's Complaint fails to allege that he was threatened, coerced or intimidated by the individual Defendants. This is simply untrue. The Plaintiff's Complaint specifically accuses all of the Defendants of interfering and/or attempting to interfere with his rights through intimidation, threat, and/or coercion. (Plaintiff's Complaint, Count IV, ¶¶22-23). As previously noted, the Plaintiff is entitled to prove his allegations and to pursue all viable claims against the Defendants. *See, e.g.*, Canney v. City of Chelsea, et al, 925 F.Supp. 58, 63 (D.Mass.1996). Accordingly, dismissal is, again, not warranted.

9

B.   *MCRA Claims Against City*

Citing Howcroft v. City of Peabody, 51 Mass.App.Ct. 573 (2001), the Defendant maintains that a municipality is not a "person" within the meaning of the Massachusetts Civil Rights Act and the Plaintiff's state Civil Rights Act claims against the City must be dismissed. Although they claim the *Howcroft* holding reaffirmed a long-standing proposition, the Defendants neglect to remind the Court that this recent decision is contradicted by the holding of Broderick v. Roach, et al, 803 F.Supp. 480 (D.Mass.1992) and attempts to answer a question that the Supreme Judicial Court of Massachusetts declined, in Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 668 N.E.2d 333 (1996), to answer. Accordingly, it is clear that municipal liability under the Massachusetts Civil Rights Act remains uncertain. Accordingly, the Plaintiff contends that dismissal, at this time, is inappropriate.

3.   Constitutionality of M.G.L. c. 140, §131

*A.- B.   Federal and State Law*

The Plaintiff maintains that Massachusetts General Laws, Chapter 140, §131, Chapter 41, §98, and Massachusetts General Laws, Chapter 31, §41 are, as applied to him, unconstitutional. Since these statutes do not, when applied to the Plaintiff, provide adequate due process, the Court is asked to evaluate the constitutionality of these provisions under the unique circumstances accompanying this case. The Defendants claim that state and federal law require the dismissal of the Plaintiff's request for declaratory relief. The Defendants contend that the right to carry a weapon is not constitutionally protected and, accordingly, the Plaintiff has suffered no harm as a result of the revocation of his license. This argument fails to acknowledge the clear sentiment,

found in the very cases cited by the Defendants to support dismissal, that an individual with a property interest in a firearms license should receive greater protection. For example, the Defendants direct this Honorable Court to Conway v. King, 718 F.Supp. 1059 (D.N.H.1989), which recognizes that where, as is the case with this Plaintiff, a refusal to issue a firearms license imposes some stigma or other disability that results in the foreclosure of employment opportunities, a protected liberty interest is likely implicated. Similarly, the Defendants direct the Court's attention to Nichols v. County of Santa Clara, 273 Cal. Reptr. 84 (1990), which discusses the property interest an individual, like the Plaintiff, has in a license to carry a weapon when the same is made a condition or requirement of his profession, occupation, business, or employment. Since, a license to carry a firearm was made a condition of his employment, since the revocation of the Plaintiff's license and the process accompanying the same so clearly damaged his reputation, since the revocation clearly stigmatizes the Plaintiff and interferes with his ability to secure future employment, and since state law does not, under the circumstance, afford the Plaintiff adequate protection, the Plaintiff's requests for declaratory relief are appropriate and dismissal, at this time, is simply not justified.

4.   Massachusetts Tort Claims Act Claims Against City

The Plaintiff agrees that the Defendant municipality is immune from claims of intentional torts. However, willful, wanton, and reckless conduct entitling the Plaintiff to relief will not necessarily support a dismissal under the Massachusetts Torts Claim Act. *See, e.g,* Molinaro v. Town of Northbridge, 643 N.E.2d 1043, 419 Mass. 278 (1995). Accordingly, dismissal of the Plaintiff's claims against the Defendant municipality is, at this time, not appropriate. The Plaintiff is entitled to pursue his claims, utilize the

discovery process, and, where necessary, amend his Complaint to allege appropriate relief.

5. <u>Intentional Tort Claims Against Individuals</u>

    *A.*    *Interference with Contractual Relations*

The Defendants contend that the Plaintiff has not established a *prima facie* case of intentional interference with business/advantageous relations. However, a motion to dismiss, as previously discussed, tests the legal sufficiency of a complaint, not the likelihood of ultimate success. Accordingly, a complaint must not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Canney v. City of Chelsea, et al</u>, 925 F.Supp. 58, 63 (D.Mass.1996) *citing,* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Since the Plaintiff's Complaint contains factual allegations that, if proven, will entitle him to relief for intentional interference with business/advantageous relations, dismissal is inappropriate.

    *B.*    *Defamation*

The Defendants, apparently arguing for summary judgment based upon matters outside the pleadings, contend that the Plaintiff will not be able to produce enough evidence to reach a jury. Since the Plaintiff's Complaint contains factual allegations that, if proven, will entitle him to relief for defamation of character and since, if proven, allegations made against the individual Defendants would strip them of any conditionally privilege or limited immunity, dismissal and, at this stage, summary judgment are inappropriate. *See, e.g.,* <u>Cignetti v. Healey, et al</u>, 89 F. Supp.2d 106, 126-127 (2000)

(conditional privilege of supervisor or co-worker lost if made in bad faith, with malice, or where abuse of privilege is established).

### C. Malicious Prosecution/Abuse of Process

The Defendants' claim that the Plaintiff has failed to allege the institution of criminal proceedings against him and that the Plaintiff has not advanced facts that would warrant an abuse of process claim. These assertions are simply unfounded. The Plaintiff does specifically allege that the Defendants, with malice and for unlawful purposes, instituted criminal, civil, contractual, municipal, investigative, administrative, and statutory proceedings against him. (Plaintiff's Complaint, Count VIII, ¶¶48-49). Since the Plaintiff's Complaint contains factual allegations that, if proven, will entitle him to relief for malicious prosecution and/or abuse of process, dismissal is inappropriate. See, e.g., Canney v. City of Chelsea, et al, 925 F.Supp. 58, 63 (D.Mass.1996) citing, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### C. Invasion of Privacy

If proven, the Plaintiff's claims of invasion of privacy would most certainly entitle him to relief. The Plaintiff's Complaint alleges violations of constitutional, statutory, and contractual privacy rights. The facts, as they appear in the Plaintiff's Complaint, remain unchallenged. The Defendants cannot, through a general denial of the Plaintiff's claims, satisfy the standard for dismissal. Again, dismissal and, at this time, summary judgment should not be granted, particularly when the request is based upon facts that do not appear in any pleading. The Court should exclude the Defendants' alleged facts and deny their request for dismissal.

*E. Intentional Infliction of Emotional Distress*

The Plaintiff's allegations, if proven, will likely demonstrate that the Defendants (1) intended to inflict emotional distress or knew (or should have known) that emotional distress would result from their actions; (2) that their conduct was extreme and outrageous and utterly intolerable in a civilized society; (3) that the Plaintiff suffered emotional distress as a result of the Defendants' actions; and (4) that the emotional distress suffered by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure. *See, e.g.,* Agis v. Howard Johnson Co., 371 Mass. 140, 355 N.E.2d 315, 318-319 (1976). The Defendants claim that the individual Defendants were acting pursuant to statutory authority. This claim fails to recognize that the Plaintiff's Complaint places that allegation into dispute and cannot serve as the basis for dismissal or summary judgment. With all of this in mind, the Defendants' motion must be denied.

## IV.  CONCLUSION

A motion to dismiss tests the legal sufficiency of a complaint, not the likelihood of ultimate success. Accordingly, a complaint must not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Canney v. City of Chelsea, et al, 925 F.Supp. 58, 63 (D.Mass.1996) *citing,* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). If a complaint, such as the one filed here by the Plaintiff, sufficiently states a cause of action under any theory, the court must deny a motion to dismiss. Id. *at 63, citing* Wehringer v. Powers & Hall, P.C., 874 F.Supp. 425, 427 (D.Mass.1995) (quoting Knight v. Mills, 836 F.2d 659, 665 [1st Cir. 1987]). Since each of the ten counts found in

the Plaintiff's Complaint contain factual allegations that, if proven, will entitle him to relief under recognized theories of law, dismissal is inappropriate and the Defendants' Motion to Dismiss must be denied. Similarly, summary judgment is not, where the Plaintiff's factual allegations are not disputed and where the Defendants are advancing matters outside of the pleadings, appropriate.

                    Respectfully Submitted
                    TERRY W. ROY.
                    By His Attorney

November 28, 2001

                    Michael B. Halpin
                    BBO# 630447
                    International Brotherhood of Police Officers
                    70 Elm Street
                    Worcester, MA 01609
                    (508) 755-6221

## CERTIFICATE OF SERVICE

I, Michael B. Halpin, hereby certify that true copies of the attached memorandum in support of his Opposition, together with that Opposition and its supporting documents were served, via first class mail and postage prepaid, upon James W. Simpson, Counsel for the Defendants, at Merrick, Louison & Costello, 67 Batterymarch Street, Boston, MA 02110, this 28th day of November 2001.

                    Michael B. Halpin